IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 6 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-01125-BNB

JOHN E. LAWTON and any other similarly situated ("other evicted tenants"),

       Plaintiff,

v.

CENTER STOCK CO., LLC,
SANDRA HENRIETTA GARDNER,
HARRY PEROULIS,
LOUIS JOHN PEROULIS,
STANLEY J. PEROULIS,
N. TONY PEROULIS,
JACKIE URIE,
DOUG URIE,
NANCY DOE,
COLO. DISTRICT COURT, MOFFAT COUNTY, COLO., and
DIANA L. MEYER,

       Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

Plaintiff John E. Lawton initiated this action by filing *pro se* a Complaint. The

court must construe the complaint liberally because Mr. Lawton is representing himself.

*See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). For the reasons stated below, Mr. Lawton will be ordered to file

an amended complaint.

The court has reviewed the Complaint filed by Mr. Lawton and has determined

that the Complaint is deficient. The Complaint consists of the first two pages of the

court's approved complaint form for nonprisoners followed by a separate five-page

Dockets.Justia.com

complaint that is not on the court's approved form. Mr. Lawton lists eleven Defendants in the caption of the approved complaint form but only three Defendants are listed in the caption of the attached five-page complaint. As a result, it is not clear who the parties in this action are.

The Complaint also fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Lawton apparently intends to assert one or more claims pursuant to the Fair Housing Act. However, he fails to set forth a short and plain statement of his claims

2

showing that he is entitled to relief. In short, the Complaint is confusing and difficult to understand. It appears that Mr. Lawton's Complaint is a poorly edited version of a longer document because various numbered paragraphs are missing and, at times, the numbered paragraphs that remain begin or end mid-sentence. As a result, the allegations in the Complaint do not always follow logically from one paragraph to the next. Mr. Lawton must submit a pleading that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action.

Finally, Mr. Lawton also has filed three motions that will be denied as moot. The "Motion to File Electronically and Other Motions" is moot because that request already has been addressed. The "Motion to Amend Complaint and File it Electronically" is moot because Mr. Lawton may include whatever appropriate claims he chooses in the amended complaint he is being ordered to file and, again, his request to file papers electronically already has been addressed. Finally, the "Motion to Append Faxed Complaint to Faxed IFP Motion" is moot because the Complaint and the motion to proceed *in forma pauperis* already are filed in this action. Accordingly, it is

ORDERED that Mr. Lawton file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Lawton, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that, if Mr. Lawton fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the "Motion to File Electronically and Other Motions,"

the "Motion to Amend Complaint and File it Electronically," and the "Motion to Append

Faxed Complaint to Faxed IFP Motion" filed on June 13, 2006, are denied as moot.

DATED June 16, 2006, at Denver, Colorado.

BY THE COURT:

_s/ Boyd N. Boland_
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01125-BNB

John E. Lawton
695 Taylor St.
Craig, CO 81625-2511

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on ___6-16-06___

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk