IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01125-REB-MEH

JOHN E. LAWTON,

    Plaintiff,

v.

CENTER STOCK COMPANY, LLC,
SANDRA HENRIETTA GARDNER,
HARRY PEROULIS,
N. TONY PEROULIS,
DOUG URIE,
NANCY DOE,
MOFFAT COUNTY DISTRICT COURT,
DIANA L. MEYER,
JACKIE URIE,
JAMES DOE and any other heretofore unknown does, and
KRIS MULAY,

    Defendants.

## RECOMMENDATION ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST STATE DEFENDANTS

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Enter Default Against Both State Defendants, and Diana Meyer - Individually, for Failure to Timely Respond [Docket #48]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matters has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that Plaintiff's Motion to Enter Default be **denied**.

### I.    Procedural Background

Plaintiff filed this action *pro se* against no less than eleven defendants and has been granted *in forma pauperis* status. As such, Plaintiff sought service by the U.S. Marshal Service, which was

granted by District Judge Blackburn on August 11, 2006. Dock. #14. Prior to this Order, Plaintiff filed a Certificate of Mailing, stating that he was requesting a waiver of service from the Defendants and that he would like service by the U.S. Marshal Service for those Defendants who did not waive service. Dock. #9. On August 11, 2006, the State Defendants, including Diana Meyer individually, filed a waiver of service. Notably, District Judge Blackburn's Order requiring service applies to all Defendants, and includes the requirement that the U.S. Marshal Service seek a waiver of service. The U.S. Marshal Service complied, and the waivers of service were filed on September 19, 2006. Dock. ##18-22.

State Defendants filed a Motion to Dismiss on October 10, 2006, more than 60 days after Plaintiff filed his Certificate of mailing. Plaintiff filed the instant Motion for Entry of Default based on this failure to answer or otherwise respond in the appropriate amount of time. Realizing this error, State Defendants filed a Motion for Extension of Time Out of Time (Dock. #54), stating that Defendants' counsel had calendered the deadline for response based on his receipt of the waiver of service, rather than the date of mailing. Defendants' counsel further stated that he was previously unaware of the Docket Entry setting the response deadline as September 19, 2006. This Court granted the Motion for Extension of Time and found excusable neglect existed under the circumstances.

**II.  Discussion**

    **A.  Legal Standard for Entry of Default**

A party seeking default judgment must first request an entry of default judgment from the Clerk of the Court. Fed. R. Civ. P. 55(a). This entry of default is a prerequisite to seeking a default judgment under Fed. R. Civ. P. 55(b). *Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp.2d 2, 9

(D.D.C. 2004). Even after the proper procedure is followed, default judgment should be entered only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a). Default judgment is a harsh sanction intended to punish parties who exhibit a "callous disregard of their responsibilities" and should be entered only on a showing that a party willfully failed to comply with the Court's orders. *See Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 640-43 (1976). Such callousness is required because the Federal Rules of Civil Procedure "generally embody an effort to ensure that courts decide cases based on the strength of the adversaries' arguments rather than on the skillful use of technicalities." *Canady*, 307 F. Supp.2d at 9.

### B.     Entry of Default is not Appropriate

Plaintiff argues that State Defendant failed to file their Motion to Dismiss within the required time limit and that default is now appropriate. In response, State Defendants assert that they responded in the proper time based on when they received the waiver of service, rather than based on when Plaintiff mailed the waiver of service.

The Court does not believe that the Entry of Default is justified in this case. At worst, State Defendants actions constituted only a technical default. Although the Motion to Dismiss was untimely, it did not cause delay in this litigation. In *Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317 (2nd Cir. 1986), the court confronted the issue presented here by Plaintiff. The court stated, "Notwithstanding the nominal requirement that the non-answering defendant demonstrate excusable neglect . . ., district courts regularly exercise their discretion to deny technically valid motions for default." *Id.* at 319 (citing numerous cases in which courts denied motions for default when an answer was filed late). The Court believes this is a correct application of the law. The Court believes

that State Defendant have not shown a "callous disregard" to their responsibilities in this case, nor has Plaintiff been prejudiced by the belated Answer, and, therefore, recommends that Plaintiff's Motion for Entry of Default be **denied**.

## IV.     Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion to Enter Default Against Both State Defendants, and Diana Meyer - Individually, for Failure to Timely Respond [Filed November 1, 2006; Docket #48] be **denied**. State Defendants' technical default has already been cured. Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 6th day of November, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).