IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01125-REB-MEH

JOHN E. LAWTON,

      Plaintiff,

v.

CENTER STOCK COMPANY, LLC,
SANDRA HENRIETTA GARDNER,
HARRY PEROULIS,
N. TONY PEROULIS,
DOUG URIE,
NANCY DOE,
MOFFAT COUNTY DISTRICT COURT,
DIANA L. MEYER,
JACKIE URIE,
JAMES DOE and any other heretofore unknown does, and
KRIS MULAY,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, November 30, 2006.**

      Defendant Center Stock Company, LLC's Motion for a More Definite Statement [Filed November 9, 2006; Docket #58] is **denied** as moot. Defendants Center Stock Company, LLC, Harry Peroulis, N. Tony Peroulis, Louis John Peroulis, and Stanley J. Peroulis' Amended Motion for a More Definite Statement [Filed November 13, 2006; Docket #61] is **granted** as set forth herein.

      Defendants seek a more definite statement of the claims against them, and Plaintiff, in his Response, stipulates to amending his complaint provided he is given adequate time to do so. Accordingly, Plaintiff shall file an Amended Complaint, in conformance with the guidelines listed below, on or before **December 15, 2006**.

      The Court interprets a *pro se* Plaintiff's filings liberally to determine if the facts as set forth support a cause of action, regardless of whether the Plaintiff has provided the proper legal arguments. Nevertheless, a *pro se* Plaintiff must still set forth all of the factual allegations that support his claims. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because "a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*