IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01125-REB-MEH

JOHN E. LAWTON,

        Plaintiff,

v.

CENTER STOCK COMPANY, LLC,
SANDRA HENRIETTA GARDNER,
HARRY PEROULIS,
N. TONY PEROULIS,
DOUG URIE,
NANCY DOE,
MOFFAT COUNTY DISTRICT COURT,
DIANA L. MEYER,
JACKIE URIE,
JAMES DOE and any other heretofore unknown does, and
KRIS MULAY,

        Defendants.

---

## RECOMMENDATION ON STATE DEFENDANTS' MOTION TO DISMISS

---

Before the Court is Defendants District Court of Moffat County, Colorado, and Diana L.

Meyer's ("State Defendants") Motion to Dismiss [Docket #26].  Pursuant to 28 U.S.C. §

636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matters has been referred to this Court for

recommendation.  For the reasons set forth below, the Court recommends that the District Court

**grant** State Defendants' Motion to Dismiss.

I.      **Facts**

        Plaintiff filed this action against 13 defendants primarily based on his eviction from HUD

housing that he alleges was in retaliation for him reporting violations by certain Defendants of the Fair

Housing Act.  The State Defendants filed a Motion to Dismiss, while certain other Defendants filed

Motions for a More Definite Statement.  Plaintiff stipulated to the relief requested by the other Defendants and filed a Second Amended Complaint on December 15, 2006.  The Second Amended Complaint asserts claims against State Defendants pursuant to 42 U.S.C. §§ 1983 and 1985 for acting in conspiracy with the other Defendants.  Defendant Colorado District Court, Moffat County, Colorado, Chief Judge O'Hara presiding, is the court in which eviction proceedings occurred. Defendant Meyer is the Court Clerk for that District.  Plaintiff alleges that State Defendants jointly refused to transmit records on appeal in state court proceedings and "otherwise introduced illegal delays."  Dock. #97, ¶¶ 34, 37.  Plaintiff further alleges that Chief Judge O'Hara refused to transmit evidence for purposes of appeal that addressed his alleged failure to sever tires with two law firms. Dock. #97, ¶ 36.  Plaintiff also alleges that Defendant Meyer has now transmitted an incomplete record for appeal and that Chief Judge O'Hara improperly refused to recuse himself in the "State countersuit corresponding to this federal suit."  Dock. #96 n.9, ¶ 53.  Plaintiff seeks monetary damages as well as an injunction "to prevent any further delay in the prosecution of District Court, Moffat County, Colorado, Case No. 2005 CV 73 or Colorado Court of Appeals, Case No. 2006 CA 46."  Dock. #97, ¶ 38.

## II.    Discussion

### A.    Legal Standard for Motion to Dismiss under Fed. R. Civ. P. 12(b)

Because federal courts are courts of limited jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998). Subject matter jurisdiction is the court's authority to hear a case and cannot be waived. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

A Motion to Dismiss brought under Fed. R. Civ. P. 12(b)(6) should be granted only if Plaintiff

can prove no set of facts in support of his claims that would entitle him to relief. *Sutton v. Utah State Sch. For Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). All well-pleaded factual allegations in the Complaint must be taken as true and viewed in the light most favorable to the non-moving party. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The issue in reviewing the sufficiency of Plaintiff's Second Amended Complaint is not whether Plaintiff will prevail, but whether Plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), (overruled on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Although Plaintiff need not state each element of his claims precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed.R.Civ.P. 8(a); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Because Plaintiff is *pro se*, the Court construes his pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). Even so, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because a "*pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

As an initial matter, the Court notes that State Defendants filed their Motion to Dismiss for lack of jurisdiction based on Plaintiff's Original Complaint, and Plaintiff has now filed a Second Amended Complaint. This does not moot State Defendants' Motion to Dismiss because in the absence of jurisdiction, as is alleged here, the Court "must dismiss the case at any state of the proceeding in which it becomes apparent that such jurisdiction is absent." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). State Defendants need not file a renewed Motion to

Dismiss if the amended pleading retains the same jurisdictional defects. *Jordan v. City of Philadelphia*, 66 F. Supp. 2d 638, 641 (E.D. Penn. 1999) (citing Wright, Miller & Kane, Federal Practice and Procedure § 1476 at 558 (2d ed. 1990). Thus, the Court will apply State Defendants' Motion to Dismiss to the operative complaint, Plaintiff's Second Amended Complaint.

### B.      Claims under 42 U.S.C. §§ 1983 and 1985

Plaintiff asserts his claims against State Defendants under §§ 1983 and 1985 for 14th Amendment violations of due process. "State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Hafer v. Melo*, 502 U.S. 21, 27 (1991) (citation omitted). In contrast, "[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Id.* Thus, at the outset, Plaintiff may pursue damages against State Defendants in their individual capacities and injunctive relief against State Defendants in their official capacities. The Court will address the sufficiency of Plaintiff's claims on this basis.

### C.      Judicial Immunity on Individual Capacity Claims

Plaintiff alleges that his claims for damages are against the State Defendants in their individual capacities. "[G]enerally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam). Judicial immunity applies to all acts judicial in nature, *i.e.*, matters that pertain to the judge acting in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.* at 356. "Judicial immunity is not overcome by allegations of bad faith or malice." *Mireles*, 502 U.S. at 11.

In the present case, the acts of Defendant Colorado District Court, Moffat County, Colorado, Chief Judge O'Hara presiding, satisfy the test for judicial immunity. Chief Judge O'Hara allegedly refused to recuse himself from one case and has prevented the transfer of documents on appeal, apparently relating to Plaintiff's *in forma pauperis* status. Both of these acts were performed in Chief Judge O'Hara's capacity as a judicial officer and are related to judicial proceedings. Thus, Plaintiff's claims for damages against Defendant Colorado District Court, Moffat County, Colorado, Chief Judge O'Hara presiding, are barred by absolute judicial immunity. *E.g.*, *Barrett v. Harrington*, 130 F.3d 246, 258 (6th Cir. 1997) (holding that "recusal is undoubtedly an act that concerns judicial decision-making").

Regarding Defendant Meyer, the Tenth Circuit Court of Appeals has held that "a court clerk enjoys absolute quasi-judicial immunity when he or she performs a 'judicial act.'" *Coleman v. Farnsworth*, 90 Fed. Appx. 313, 317 (10th Cir. 2004). "The doctrine of absolute immunity ensures judges and judicial officers perform their duties vigorously and without fear of time-consuming, costly, 'vindictive or ill-founded damage suits brought on account of action taken in the exercise of their official responsibilities.'" *Id.* (citation omitted). To determine whether this quasi-judicial immunity applies to Defendant Meyer, the Court must "weigh the nature of the activity involved and the need for unfettered exercise of discretion against the individual interest in protection under § 1983." *Henrikson v. Bentley*, 644 F.2d 852, 855-56 (10th Cir. 1981).

Here, Defendant Meyer refused to transfer the record on appeal until Plaintiff paid for the shipping charge that he apparently claims did not apply to him because of his *in forma pauperis* status. The clerk's actions in this regard are integral to the judicial process and are, therefore, protected by judicial immunity. Moreover, Defendant Meyer's actions remain subject to the review

5

of the Colorado Court of Appeals, and that is the proper avenue for Plaintiff to seek relief. Accordingly, the Court recommends that all claims against State Defendants in their individual capacities be **dismissed** based on absolute judicial immunity.

### D.    *Younger* Abstention Doctrine on Official Capacity Claims

Plaintiff also argues that State Defendants "had a duty of care not to violate Lawton's rights pursuant to the United State and State of Colorado Constitutions." Dock. #96, ¶ 48. Plaintiff seeks injunctive relief to prevent any further delay in state court proceedings. When a private party sues a state officer for prospective injunctive or declaratory relief from an alleged ongoing violation of the Constitution or federal laws, the suit is not considered to be against the state itself, and the Eleventh Amendment does not apply. *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908); *see also Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1205 (10th Cir. 2002). Nevertheless, to the extent that Plaintiff's allegations state a constitutional claim for relief, State Defendants argue that the *Younger* Abstention Doctrine prohibits this Court's interference with the ongoing state court proceedings. In response, Plaintiff argues that State Defendants waived this argument by untimely filing their Motion to Dismiss and that he has been denied an adequate opportunity to raise his federal claims in state court because of State Defendants failure to transmit records on appeal.

Federal Courts are to avoid interference with ongoing state proceedings if the state court provides an adequate forum to present any federal constitutional challenges. *Younger v. Harris*, 401 U.S. 37 (1971). Pursuant to the *Younger* Abstention Doctrine, "[e]ven when a federal court would otherwise have jurisdiction to hear a claim, the court may be obliged to abstain when a federal-court judgment on the claim would interfere with an ongoing state proceeding implicating important state interests." *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1227-28 (10th Cir. 2004). This

Court must abstain from exercising jurisdiction if the following conditions are met:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

In this case, Plaintiff readily admits that this federal lawsuit corresponds to ongoing proceedings in state court. Dock. #96, ¶53. Plaintiff's argument that State Defendants failed to transmit the record on appeal is based in part on letters he received from the Clerk of the Court requiring him to pay the shipping fee before the record would be transmitted. Dock. #49, Exh. B, pp. 3-6. Plaintiff appears to allege that State Defendants are failing to comply with his right to proceed *in forma pauperis* on appeal, pursuant to Col. R. App. P. 12. Plaintiff does not allege that he is unable to bring this matter before the attention of the Colorado Court of Appeals, and it involves a matter of state interest, insofar as it is premised on a state appellate rule which affects the functioning of the state courts. Under these facts, this Court hereby recommends that the Court abstain from any actions in this case, including considering injunctive relief, that would affect the ongoing state court proceedings.

## III.    Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that State Defendants' Motion to Dismiss [Filed October 10, 2006; Docket #26] be **granted**; that State Defendants in their individual capacities be **dismissed with prejudice** and; that State Defendants in their official capacities be **dismissed without prejudice**. State Defendants are entitled to absolute judicial immunity against Plaintiff's claims for damages, and the *Younger* Abstention doctrine precludes this

Court from issuing injunctive relief during the pending state court proceedings. Under Fed. R. Civ.

P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any

written objections in order to obtain reconsideration by the District Judge to whom this case is

assigned.[1]

Dated at Denver, Colorado this 22nd day of December, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).