IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01125-REB-MEH

JOHN E. LAWTON,

    Plaintiff,

v.

CENTER STOCK COMPANY, LLC,
SANDRA HENRIETTA GARDNER,
HARRY PEROULIS,
N. TONY PEROULIS,
DOUG URIE,
NANCY DOE,
MOFFAT COUNTY DISTRICT COURT,
DIANA L. MEYER,
JACKIE URIE,
JAMES DOE and any other heretofore unknown does, and
KRIS MULAY,

    Defendants.

## RECOMMENDATION ON STATE DEFENDANTS' RENEWED MOTION TO DISMISS

Before the Court is Defendants District Court of Moffat County, Colorado, and Diana L. Meyer's ("State Defendants") Renewed Motion to Dismiss [Docket #100]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matters has been referred to this Court for recommendation.

On October 10, 2006, the State Defendants filed a Motion to Dismiss based on lack of jurisdiction. After the matter was fully briefed, Plaintiff was given leave to file a Second Amended Complaint, which he filed on December 15, 2006. On December 22, 2006, this Court issued its Recommendation on State Defendants' Motion to Dismiss, and applied the arguments in State Defendants' previously-filed motion to the allegations in the Second Amended Complaint, the

operative complaint. *See Jordan v. City of Philadelphia*, 66 F. Supp. 2d 638, 641 (E.D. Pa. 1999) (citing Wright, Miller & Kane, Federal Practice and Procedure § 1476 at 558 (2d ed. 1990)).

State Defendants have now filed a Renewed Motion to Dismiss, after the Court issued its Recommendation, re-asserting their previous arguments, yet State Defendants raise no new arguments. Thus, for the reasons set forth in the Recommendation dated December 22, 2006 (Docket #98), the Court RECOMMENDS that State Defendants' Renewed Motion to Dismiss [<u>Filed December 26, 2006; Docket #100</u>] be **granted**; that State Defendants in their individual capacities be **dismissed with prejudice**; and that State Defendants in their official capacities be **dismissed without prejudice**. State Defendants are entitled to absolute judicial immunity against Plaintiff's claims for damages, and the *Younger* Abstention doctrine precludes this Court from issuing injunctive relief during the pending state court proceedings.

Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Dated at Denver, Colorado this 2nd day of January, 2007.

                BY THE COURT:

                s/ Michael E. Hegarty
                Michael E. Hegarty
                United States Magistrate Judge