IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01125-REB-MEH

JOHN E. LAWTON,

    Plaintiff,

v.

CENTER STOCK COMPANY, LLC, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION FOR DISMISSAL

Before the Court are Defendant Gardner's Motion to Dismiss [Docket #23] and Renewed Motion to Dismiss [Docket #102], and Defendants Center Stock, LLC, Harry Peroulis, Tony Peroulis, and Louis Peroulis's Rule 56 Motion for Summary Judgment [Docket #112]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, these matters have been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that this matter be **dismissed** in its entirety for lack of jurisdiction under the *Rooker-Feldman* doctrine.

**I.    Facts**

Plaintiff filed this action primarily based on his eviction from HUD housing that he alleges was in retaliation for him reporting allegedly fraudulent conduct by certain Defendants to HUD and to state agencies. Plaintiff also alleges that Defendants failed to preserve his covenant of quiet enjoyment while he lived in the HUD housing. Plaintiff states that he was promised a new lease and then subsequently was evicted in retaliation for his various complaints. Plaintiff further alleges that the affidavit supporting his eviction was intentionally false, and that Defendants conspired to violate his civil rights. Plaintiff finally contends that Defendants violated their duties to him by failing to

prevent the sheriff from enforcing the Writ of Restitution. Plaintiff asserts his claims under the Fair Housing Act and under 42 U.S.C. §§ 1983 and 1985.

Defendant Gardner filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. Plaintiff filed no response but was later granted leave to amend his complaint, after which Defendant Gardner filed a Renewed Motion to Dismiss for failure to state a claim upon which relief can be granted. Defendant Center Stock Company and the Peroulis Defendants filed a Motion for Summary Judgment. All moving Defendants argue that they are not state actors or acting under color of state law.

The moving Defendants also allege that Plaintiff's claims are barred by the applicable statutes of limitations, because both the Fair Housing Act and claims under 42 U.S.C. §§ 1983 and 1985 contain two-year statutes of limitations. Plaintiff concedes that a two-year limitation is applicable law but argues that his Complaint was timely filed, because "the final injury to Lawton accrued on or about 2006-06-10 [sic], two days after he received the WRIT OF RESTITUTION." Dock. #119, ¶ 14. The Writ issued on June 8, 2004 (Dock. #121, ¶ 13), and Plaintiff filed this action on June 8, 2006. Dock. #1. Plaintiff also points out that he originally brought this suit against these Defendants in 2005 (05-cv-01116-ZLW-OES), but the case was dismissed without prejudice for failure to prosecute. Defendants argue that Plaintiff's claims accrued at least as of the date of the state court's order, not the date of the Writ of Restitution. The state court order filed on April 19, 2004, granted possession of Plaintiff's apartment to Center Stock and rejected Plaintiff's argument that the eviction was retaliatory. Dock. #112, Exh. B.

In reviewing the parties' pleadings to fully understand the underlying eviction proceedings in state court and the applicable statute of limitations, it has come to the Court's attention that

2

jurisdiction in this matter is severely lacking. Although Plaintiff alleges violations of federal law, his claims were previously raised in the state court action (Dock. #112, Exh. B), and Plaintiff even calculates the accrual date of the alleged injury from the date the Colorado Court of Appeals dismissed his appeal. Dock. #121, ¶ 20.

**II.  Discussion**

As an initial matter, the Court notes that Plaintiff brings this lawsuit on behalf of all others similarly situated, *i.e.*, other evicted tenants. Plaintiff has not sought class certification under Fed. R. Civ. P. 23, and neither can he do so without being represented by counsel. *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (holding that a class representative cannot appear *pro se*).

**A.  Legal Standard for dismissal under Rule 12**

The Court construes a *pro se* Plaintiff's pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). Even so, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Because federal courts are courts of limited jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998). Subject matter jurisdiction is the court's authority to hear a case and cannot be waived. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "The issue of federal court jurisdiction may be raised at any stage of the proceedings either by the parties or by the court on its own motion." *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1240 (10th Cir. 2001) (quotation omitted). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

**B.**     *Rooker-Feldman* **doctrine**

The *Rooker-Feldman* doctrine is a jurisdictional prohibition that is based on 28 U.S.C. § 1257, which holds that federal review of state court judgments may be obtained only in the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) (holding that the *Rooker-Feldman* doctrine bars "what in substance would be appellate review of the state judgment in a United States district court, based on [a] claim that the state judgment itself violates . . . federal rights"). The doctrine "prohibits a lower federal court from considering claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment." *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002) (internal quotation marks and citation omitted).

**1.     Plaintiff's claims were considered by the state court**

From a review of the second amended complaint, it appears the crux of Plaintiff's lawsuit is his allegations that the actions taken against him prior to and during the state court action violated his constitutional rights. However, federal district courts have no jurisdiction to make that determination, because Plaintiff's allegations were previously ruled on by the state court. In the eviction action, Moffat County District Court Case No. 04 cv 38, Lawton argued that the eviction was a retaliatory action. The facts now alleged in Plaintiff's Complaint are largely contained in that court's order. The state court judge noted that Plaintiff was a holdover tenant from the previous owner; that the new owner had no connections with HUD financing; and that Lawton developed an adversarial relationship with the new management. The order also addresses his complaints in this case regarding lack of snow removal, noisy neighbors, and management's handling of HUD housing

4

issues. *See* Dock. #112, Exh. B. The court reviewed Lawton's argument regarding the lease terms that he presents in this case, and his arguments regarding retaliatory eviction. *Id.*

These allegations are therefore squarely within the scope of the *Rooker-Feldman* doctrine, and preclude this Court from reviewing Plaintiffs' claims. For Plaintiff to assert that his claims are proper in this court, he must argue that the state court's decision was in error. Thus, this case is an improper attack on that judgment. Plaintiff is bound by the judgment of the state court unless and until that judgment has been overturned or vacated.

### 2. Plaintiffs' claims are inextricably-intertwined with state court action

The *Rooker-Feldman* doctrine applies in "any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate [their] claims." *Kenmen Engineering*, 314 F.3d at 478. *Rooker-Feldman* not only bars consideration of issues that were actually presented to and decided by a state court, but it also bars consideration of constitutional claims that are "inextricably intertwined with" issues that were ruled upon by a state court. *See Feldman,* 460 U.S. at 483-84 n.16. A constitutional claim is inextricably intertwined with issues reached by a state court "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995). In short, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse some action or decision by a state court, or would effectively void its ruling. *Id.*

To determine whether claims are inextricably intertwined, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir.

1996); *see also Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 707 (10th Cir. 2004) (holding that courts should ask "'whether the state-court judgment caused, actually and proximately, the injury for which [the party] seeks redress'") (quoting *Kenman Engineering v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002)).

While Plaintiff does set forth claims which are distinct from the eviction action in state court by raising constitutional and other claims in this lawsuit, ultimately he is seeking to void or overturn the state court judgment by asserting the same defenses raised in the state court action and arguing that "the entire eviction was illegally taken." Dock. #121, p.4. Virtually all of Plaintiff's claims are related to Defendants conduct in the state court action. In fact, Plaintiff initially sued the Colorado District Court, which District Judge Blackburn already dismissed as a party to this suit. The fact that Plaintiff did not frame his state court argument in terms of constitutional violations does not allow him to now assert these same claims in this Court by simply cloaking his arguments in terms of constitutional protections. These are precisely the types of efforts that are addressed by the *Rooker-Feldman* doctrine. *See Tal v. Hogan*, 453 F.3d 1244, 1256-57 (10th Cir. 2006) (holding that claims considered by the state court could not be raised in federal court and any new allegations relating to the claims should be raised on appeal, not in federal court).

In sum, Plaintiff was unsuccessful in state court, and he now seeks to assert the same arguments to this Court. Plaintiff is a party to the state court judgment, and his claims in this lawsuit are "inextricably intertwined" with the injuries allegedly suffered by Plaintiff as a result of the judgment entered in state court. Under *Rooker-Feldman*, the redress for these alleged injuries is through the state court appellate process to the United States Supreme Court. Federal district courts can neither address these injuries nor review the state court proceedings. 28 U.S.C. § 1257.

**III.     Conclusion**

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendant Gardner's Motion to Dismiss [Docket #23] be **denied as moot**; that Defendant Gardner's Renewed Motion to Dismiss [Docket #102] be **denied** without prejudice, Defendants Center Stock, LLC, Harry Peroulis, Tony Peroulis, and Louis Peroulis's Rule 56 Motion for Summary Judgment [Docket #112] be **denied** without prejudice; and that this case be **dismissed without prejudice** in its entirety for lack of jurisdiction.  Plaintiff previously raised his claims in state court in 2004, and any action by this court would serve as an appeal of the state court judgment, contrary to the *Rooker-Feldman* doctrine.  Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 16th day of February, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).