**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-01125-REB-MEH

JOHN E. LAWTON,

      Plaintiff,

v.

CENTER STOCK COMPANY, LLC, et al.,

      Defendants.

**ORDER REJECTING RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the magistrate judge's **Report and Recommendation For Dismissal** [#122], filed February 16, 2007; and (2) **Plaintiff's 2007-02-26, 28 U.S.C. 636(b)(1)(A), Fed.R.Civ.P. 72(a) Objections to Doc. No. 122, Michael Hegarty's Recommendations Dated 2007-02-16 ("06-cv-1125 07-02-26 28 USC 636 Appeal 6")** [#129], filed February 26, 2007.  The magistrate judge recommends that this case be dismissed in its entirety pursuant to the ***Rooker-Feldman*** doctrine.  Because I respectfully disagree that ***Rooker-Feldman*** applies in this instance, I reject the proposed recommendation and again refer the previously assigned motions to the magistrate judge.

The ***Rooker-Feldman*** doctrine, so named for the two seminal U.S. Supreme Court cases that first described its contours, ***District of Columbia Court of Appeals v.***

1

*Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), has its roots in 28 U.S.C. § 1257(a), which provides that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." Implicit in this grant of jurisdiction is the denial of authority to lower federal courts to review state court judgments. *See Rooker*, 44 S.Ct. at 150. Simply stated, the *Rooker-Feldman* doctrine constrains "a party losing in state court . . . from seeking what in substance would be appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 2654, 129 L.Ed.2d 775 (1994).

The doctrine applies both to claims that were actually decided by the state court and to claims that are "inextricably intertwined" with the state court judgment. *See Kenmen Engineering v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002). A claim is inextricably intertwined with the state court judgment if it "succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring). The analysis of this issue focuses on the relief sought, not merely the issues raised. *Crutchfield v. Countrywide Home Loans & Mortgage Electronic Registration Systems*, 389 F.3d 1144, 1148 (10th Cir. 2004); *Kenmen Engineering*, 314 F.3d at 476.

Recently, both the Supreme Court and the Tenth Circuit have more clearly delineated the boundaries of the *Rooker-Feldman* doctrine. In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005),

2

the Supreme Court emphasized the difference between the **Rooker-Feldman** doctrine and preclusion doctrines.  *See id.*, 125 S.Ct. at 1526.  In so doing, the Court defined the core of cases to which the **Rooker-Feldman** doctrine applies:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Id*. at 1521-22.  In light of **Exxon Mobil**, the Tenth Circuit has noted the rather limited reach of the **Rooker-Feldman** doctrine:

> If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." . . .  Appellate review – the type of judicial action barred by *Rooker-Feldman* consists of a review of the proceedings already conducted by the "lower" tribunal to determine whether it reached its result in accordance with law.  When, in contrast, the second court tries a matter anew and reaches a conclusion contrary to a judgment by the first court, without concerning itself with the bona fides of the prior judgment (which may or may not have been a lawful judgment under the evidence and argument presented to the first court), it is not conducting appellate review, regardless of whether compliance with the second judgment would make it impossible to comply with the first judgment.

**Bolden v. City of Topeka, Kansas**, 441 F.3d 1129, 1143 (10th Cir. 2006) (quoting **Exxon Mobil Corp.**, 125 S.Ct. at 1527) (emphasis in **Bolden**).  Thus, under the Tenth Circuit's interpretation, a federal suit is not barred by the **Rooker-Feldman** doctrine unless the plaintiff is specifically requesting that the federal court overturn a state court judgment, "regardless of whether a favorable judgment in federal court would be inconsistent with that judgment and would 'den[y] a legal conclusion that [the] state

court has reached.'" *Id.* at 1145 (quoting **Exxon Mobil**, 125 S.Ct. at 1527 (internal quotation marks omitted).

Such is the case here. Although many of plaintiff's claims in this lawsuit arise out of and are related to the underlying state court eviction proceedings, none actually seeks to overturn the state court's judgment. The ***Rooker-Feldman*** doctrine, therefore, does not preclude this court from exercising subject matter jurisdiction over this case. Nevertheless, as the claims may be subject to dismissal on other grounds, including perhaps those raised by the motions previously referred to the magistrate judge, those matters will again be referred to him for report and recommendation on the issues raised therein.

**THEREFORE, IT IS ORDERED** as follows:

1. That the magistrate judge's **Report and Recommendation For Dismissal** [#122], filed February 16, 2007, respectfully is **REJECTED**;

2. That **Plaintiff's 2007-02-26, 28 U.S.C. 636(b)(1)(A), Fed.R.Civ.P. 72(a) Objections to Doc. No. 122, Michael Hegarty's Recommendations Dated 2007-02-16 ("06-cv-1125 07-02-26 28 USC 636 Appeal 6")** [#129], filed February 26, 2007, are **SUSTAINED**; and

3. That the following motions are **REFERRED** to the magistrate judge for report and recommendation: (a) **Defendant Sandra Gardner's Motion to Dismiss** [#23], filed September 29, 2006; (b) **Defendant Sandra Gardner's Renewed Motion to Dismiss** [#102], filed December 28, 2006; and (c) **Defendants Center Stock LLC, Harry Peroulis, Tony Peroulis, and Louis Peroulis's Rule 56 Motion For Summary Judgment** [#112], filed January 22, 2007.

5

Dated April 3, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

5