IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01125-REB-MEH

JOHN E. LAWTON,

    Plaintiff,

v.

CENTER STOCK COMPANY, LLC, *et al.*,

    Defendants.

## RECOMMENDATION ON DISPOSITIVE MOTIONS

Before the Court are Defendant Gardner's Motion to Dismiss [Docket #23] and Renewed Motion to Dismiss [Docket #102], and Defendants Center Stock, LLC, Harry Peroulis, Tony Peroulis, and Louis Peroulis's Rule 56 Motion for Summary Judgment [Docket #112].[1] Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, these matters have been re-referred to this Court for recommendation by the District Judge's Order rejecting the initial recommendation, which found a lack of subject matter jurisdiction [Docket#132]. After considering these motions on their merits, the Court recommends that the motions be **granted** and Plaintiff's claims against these Defendants be dismissed as time-barred.

**I.    Facts**

Plaintiff filed this action primarily based on his eviction from HUD housing that he alleges was in retaliation for him reporting allegedly fraudulent conduct by certain Defendants to HUD and to

---

[1] Curiously absent from this motion is any reference to Stanley Peroulis, for whom the same counsel entered an appearance and filed an Answer to the Amended Complaint. Docks. ##60, 105. The Docket still lists Laura Tighe as representing Stanley Peroulis. To date, Stanley Peroulis, Jackie Urie, and Doug Urie have not moved for dismissal of this action.

state agencies. Plaintiff also alleges that Defendants failed to preserve his covenant of quiet enjoyment while he lived in the HUD housing. Plaintiff states that he was promised a new lease and then subsequently was evicted in retaliation for his various complaints. Plaintiff further alleges that the affidavit supporting his eviction was intentionally false, and that Defendants conspired to violate his civil rights. Plaintiff finally contends that Defendants violated their duties to him by failing to prevent the sheriff from enforcing the Writ of Restitution. Plaintiff asserts his claims under the Fair Housing Act and under 42 U.S.C. §§ 1983 and 1985.

Defendant Gardner filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. Plaintiff filed no response but was later granted leave to amend his complaint, after which Defendant Gardner filed a Renewed Motion to Dismiss for failure to state a claim upon which relief can be granted. Defendant Center Stock Company and the Peroulis Defendants filed a Motion for Summary Judgment. All moving Defendants argue that they are not state actors or otherwise acting under color of state law.

The moving Defendants also allege that Plaintiff's claims are barred by the applicable statutes of limitation, because both the Fair Housing Act and claims under 42 U.S.C. §§ 1983 and 1985 contain two-year statutes of limitation. Plaintiff concedes that a two-year limitation is applicable law but argues that his Complaint was timely filed, because "the final injury to Lawton accrued on or about 2006-06-10 [sic], two days after he received the WRIT OF RESTITUTION." Dock. #119, ¶ 14. The Writ issued on June 8, 2004 (Dock. #121, ¶ 13), and Plaintiff filed this action on June 8, 2006. Dock. #1. Plaintiff also points out that he originally brought this suit against these Defendants in 2005 (05-cv-01116-ZLW-OES), but that case was dismissed without prejudice for failure to prosecute. Defendants argue that Plaintiff's claims accrued at least as of the date of the state court's

order, not the date of the Writ of Restitution. The state court order filed on April 19, 2004, granted possession of Plaintiff's apartment to Center Stock and rejected Plaintiff's argument that the eviction was retaliatory. Dock. #112, Exh. B.

## II.     Discussion

As an initial matter, the Court notes that Plaintiff brings this lawsuit on behalf of all others similarly situated, *i.e.*, other evicted tenants. Plaintiff has not sought class certification under Fed. R. Civ. P. 23, and neither can he do so without being represented by counsel. *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (holding that a class representative cannot appear *pro se*). Accordingly, the Court recommends that Plaintiff's Complaint be limited to his individual claims.

### A.     Legal Standard for dismissal under Rule 12(b)(6)

A motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) should be granted only if Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Sutton v. Utah State Sch. For Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). All well-pleaded factual allegations in the Complaint must be taken as true and viewed in the light most favorable to the non-moving party. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Although the Court construes a *pro se* plaintiff's pleadings liberally, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because "a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

### B. Legal Standard for Summary Judgment

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

### C. Plaintiff's Allegations Against the Moving Defendants

Plaintiff alleges in his Second Amended Complaint that Defendant Gardner failed to preserve Plaintiff's covenant of quiet enjoyment, assisted in evicting him to prevent him from asserting his rights and in retaliation for making complaints, attempted to keep Plaintiff from discovering an alleged fraud against HUD before he was evicted, promised him a new lease but then evicted him in retaliation for his complaints, and conspired with others to stalk or harass Plaintiff during the state court proceedings in April 2004. Plaintiff further alleges that Gardner assisted in preparing a false affidavit in connection with the state court proceedings in April 2004. In seeking dismissal of these claims, Defendant Gardner relies on the factual allegations of Plaintiff's Second Amended Complaint, including the time frames alleged by Plaintiff.

Against Defendants Center Stock, LLC, Harry Peroulis, Tony Peroulis, and Louis Peroulis,

Plaintiff alleges the same claims as against Defendant Gardner and further alleges that Center Stock defrauded Colorado of $25,000 in HUD funds and retaliated against Plaintiff for reporting this violation, and that Center Stock employees failed to prevent other residents from interfering with his sleep and work. These Defendants filed for summary judgment and attached the state court order dated April 19, 2004, which previously addressed the majority of Plaintiff's allegations. Dock. #112, Exh. B.

### D.     Plaintiff's Fourteenth Amendment Claims

Plaintiff alleges that Defendants violated his rights under the Fourteenth Amendment to the United States Constitution by violating his right to "pursuit of happiness." "[T]he Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the state, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982) (citations omitted).

In this case, Plaintiff argues that the Defendants' actions were under "color of state law," because Defendants exercised their rights created by state law in an illegal manner by using state housing law to evict Plaintiff from his home. This use of the law is not what is meant by "color of state law." Rather, the operative question is whether the conduct complained of is "fairly attributable to the State?" *Id.* at 838. Plaintiff's allegations do not establish such conduct. Plaintiff's only allegations relating to state conduct involved these Defendants bringing a lawsuit against Plaintiff in state court; all other actions involve solely private conduct. Thus, Defendants' actions in this regard cannot be viewed as attributable to the State. Accordingly, the Court recommends that Plaintiff's Fourteenth Amendment claims against these Defendants be dismissed, because these Defendants are not state actors and did not act under color of state law within the meaning of the Fourteenth

Amendment.

### E. Statute of Limitations on Plaintiff's Claims

Plaintiff brings claims both under the Fair Housing Act and under 42 U.S.C. §§ 1983 and 1985. In this context, Plaintiff's Sections 1983 and 1985 claims have a two-year statute of limitations. *See Williams v. Shields*, 77 Fed. Appx. 501, 503 (10th Cir. 2003) (applying the forum state's personal injury statute of limitations); C.R.S. § 13-80-102 (providing a two-year statute of limitations for personal injury actions). The Fair Housing Act also provides a two-year statute of limitations. 42 U.S.C. § 3613(a)(1)(A); *see also McIntosh v. Boatman's First Nat'l Bank*, No. 95-5260, 1996 U.S. App. LEXIS 30913, *2 (10th Cir. Nov. 29, 1996). Plaintiff agrees that a two-year statute of limitations applies to his claims but argues that the two-year time limit did not begin to run until June 10, 2004, two days after he received the Writ of Restitution.

A federal cause of action, such as that alleged in Plaintiff's complaint, accrues "when the plaintiff has 'a complete and present cause of action.'" *Wallace v. Kato*, ___ U.S. ___, 127 S. Ct. 1091, 1095 (2006) (citations omitted). This occurs when "the plaintiff knows or has reason to know of the injury which is the basis of the action." *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993). In other words, the statute of limitations begins to run once "the plaintiff can file suit and obtain relief." *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp.*, 522 U.S. 192, 201 (1997).

In the present case, Plaintiff's allegations largely concern Defendants' conduct prior to and including the eviction proceedings in state court. In fact, all allegations occurred either in April 2004, or prior to that date. Notably, the facts now alleged in Plaintiff's Second Amended Complaint are largely contained in that court's order. The state court judge noted that Plaintiff was a holdover

tenant from the previous owner; that the new owner had no connections with HUD financing; and that Lawton developed an adversarial relationship with the new management. The order also addresses his complaints in this case regarding lack of snow removal, noisy neighbors, and management's handling of HUD housing issues. *See* Dock. #112, Exh. B. The court reviewed Lawton's argument regarding the lease terms that he presents in this case, and his arguments regarding retaliatory eviction. *Id.* Thus, Plaintiff was aware of Defendants' conduct prior to the state court's order dated April 19, 2004. Although the Writ of Restitution did not issue until June 8, 2004, Plaintiff knew the facts supporting his claims and that he had been evicted from his home upon receiving the court's order of April 19, 2004. Even assuming Plaintiff received the order by mail three days later, Plaintiff's claims accrued no later than April 22, 2004, and Plaintiff's Complaint should have been filed no later than April 22, 2006. Plaintiff's Complaint was filed on June 8, 2006. *See Jarrett v. U.S. Sprint Comm. Co.*, 22 F.3d 256, 259 (10th Cir. 1994) (noting that a complaint is filed for purposes of the statute of limitations when it is tendered to the clerk with an IFP motion). Thus, Plaintiff's claims under the Sections 1983 and 1985, as well as under the Fair Housing Act, are time-barred and must be dismissed.

Plaintiff also argues that the statute of limitations was tolled while he appealed the state complaint in Forcible Entry and Detainer ("FED") to the Colorado Court of Appeals. Because Plaintiff was not required by federal law to seek a state remedy before bringing suit in federal court, his appeal cannot toll the statute of limitations. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 490-91 (1980)("Unless that remedy is structured to require previous resort to state proceedings, so that the claim may not even be maintained in federal court unless such resort be had . . . it cannot be assumed that Congress wishes to hold open the independent federal remedy during any period of time

necessary to pursue alternative state-court remedies."). Thus, regardless of his appeal, Plaintiff could have filed his federal lawsuit at any time after April 19, 2004. His appeal of the state court action does not toll the applicable statue of limitations.

In addition, Plaintiff states that he brought this action against Defendants in 2005. That case was dismissed without prejudice for failure to prosecute, and Plaintiff argues that the statute of limitations was tolled for fifty-nine days during the pendency of that action. "It is hornbook law that, as a general rule, a voluntary dismissal without prejudice leaves the parties as though the action had never been brought," and therefore, "the limitation period is not tolled during the pendency of the dismissed action." *Brown v. Hartshorne Public School Dist. #1*, 926 F.2d 959, 961 (10th Cir. 1991). Because dismissal without prejudice does not toll the statute of limitations, that action has no bearing on Plaintiff's present lawsuit.

### III.     Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendant Gardner's Motion to Dismiss [Docket #23] be **denied as moot**; that Defendant Gardner's Renewed Motion to Dismiss [Docket #102] be **granted**, and that Defendants Center Stock, LLC, Harry Peroulis, Tony Peroulis, and Louis Peroulis's Rule 56 Motion for Summary Judgment [Docket #112] be **granted**. Plaintiff's alleged injuries accrued more than two-years prior to the filing of this lawsuit and are, therefore, time-barred. This action remains pending against Jackie Urie, Doug Urie, and Stanley Peroulis, who have not moved for dismissal. Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order

to obtain reconsideration by the District Judge to whom this case is assigned.[2]

Dated at Denver, Colorado this 9th day of April, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[2] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).