**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-01125-REB-MEH

JOHN E. LAWTON,

    Plaintiff,

v.

CENTER STOCK COMPANY, LLC, et al.,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO RECUSE**

**Blackburn, J.**

The matter before me is **Plaintiff's 2007-04-19, 28 USC 144 and 455(a) and (b)(1), <u>Forthwith</u> Motion To Recuse Judge Blackburn, With Attached Affidavit** [#137], filed April 19, 2007. By this motion, plaintiff seeks my recusal from further consideration of this case, alleging that I have a personal bias and prejudice against him. I deny the motion.

The relevant statute provides,[1] in pertinent part,

    (a)    Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

---

[1] Plaintiff purports to bring this motion under both section 455 and 28 U.S.C. § 144. However, the latter must be accompanied by an affidavit "the facts and the reasons for the belief that bias or prejudice exists" and must be "accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. Assuming *arguendo* that a *pro se* litigant can submit the required certificate of counsel on his own behalf, plaintiff has failed to present a proper affidavit or, alternatively, a declaration that complies with the requirements of 28 U.S.C. § 1746. Although section II of plaintiff's motion is entitled "Affidavit," there is nothing establishing that such pleading is attested to under penalty of perjury. *See Price v. Philpot*, 420 F.3d 1158, 1166 n.6 (10th Cir. 2005) (noting requirements of section 1746); *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (noting that paper filed by *pro se* litigant may be construed as an affidavit is sworn under penalty of perjury).

>       (b)   He shall also disqualify himself in the following
>             circumstances:
>
>             (1)   Where he has a personal bias or prejudice
>                   concerning a party, . . .

28 U.S.C. § 455. This section requires a judge to recuse himself when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." **Bryce v. Episcopal Church in the Diocese of Colorado**, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted). Proof of actual bias is not necessary; recusal is required if the facts, from an objective perspective, admit of the appearance of bias. **Id**.; **Salt Lake Tribune Publishing Co. v. AT & T Corp.**, 353 F.Supp.2d 1160, 1172 (D. Utah 2005).

Nevertheless, the Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." **United States v. Hines**, 696 F.2d 722, 729 (10th Cir. 1982); **see also Bryce**, 289 F.3d at 659. As Congress itself noted in enacting section 455, "each judge must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision. Disqualification for lack of impartiality must have a *reasonable* basis." **See Jackson v. Fort Stanton Hospital and Training School**, 757 F.Supp. 1231, 1240 (D.N.M. 1990) (quoting H.R. Rep. No. 93-1453, 93rd Cong., 2nd Sess., 1974 U.S.C.C.A.N. 6351, 6355) (emphasis in original). **See also Hinman v. Rogers**, 831 F.2d 937, 939 (10th Cir. 1987) ("There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."). The inquiry, therefore, is "limited to outward

manifestations and reasonable inferences drawn therefrom." ***In re McCarthey***, 368 F.3d 1266, 1269 (10th Cir. 2004).  Moreover, the movant's factual allegations need not be accepted as true, and all relevant facts may be considered in evaluating the motion. ***Hinman***, 831 F.2d at 939; ***see also Hall v. Doering***, 185 F.R.D. 639, 642 (D. Kan. 1999); ***United States v. Roberts***, 947 F.Supp. 1544, 1549 (E.D. Okla. 1996).

As an initial matter, plaintiff's motion is based entirely on conclusory allegations regarding actions he surmises I "possibly" have taken that "may" manifest a lack of impartiality on my part.  "In the recusal context, the reasonable person standard contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'" ***United States v. Evans***, 262 F.Supp.2d 1292, 1294 (D. Utah 2003) (footnote and citation omitted).  Because the recusal inquiry is "limited to outward manifestations and reasonable inferences drawn therefrom," ***In re McCarthey***, 368 F.3d at 1269, such unsupported accusations carry no weight in the recusal calculus.

Moreover, this is not a case in which plaintiff is claiming that I harbor a personal bias or prejudice against him based on some source extraneous to the proceedings before the court.  ***See Liteky v. United States***, 510 U.S. 540, 554, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994).  Rather, plaintiff's complaints involve certain of my rulings and omissions in this case.  Such matters present a basis for recusal only in the rare instance in which "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." ***Id.***, 114 S.Ct. at 1157; ***see also United States v. Young***, 45 F.3d 1405, 1415 (10th Cir.), ***cert. denied***, 115 S.Ct. 2633 (1995).  None of

3

my various rulings and alleged omissions about which plaintiff complains in this matter, when viewed from the perspective of an objective observer, permits a reasonable inference of such extraordinary bias on my part.

**THEREFORE IT IS ORDERED** that **Plaintiff's 2007-04-19, 28 USC 144 and 455(a) and (b)(1), <u>Forthwith</u> Motion To Recuse Judge Blackburn, With Attached Affidavit** [#137], filed April 19, 2007, is **DENIED**.

Dated May 21, 2007, at Denver, Colorado.

**BY THE COURT:**

**<u>s/ Robert E. Blackburn</u>**
**Robert E. Blackburn**
**United States District Judge**