IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01125-REB-MEH

JOHN E. LAWTON,

    Plaintiff,

v.

CENTER STOCK COMPANY, LLC, *et al.*,

    Defendants.

## RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendants Jackie Urie and Doug Urie's Motion for Summary Judgment [Docket #140]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation [Docket#141]. As set forth below, the Court recommends that the motion be **granted** and that Plaintiff's claims against Defendants Jackie Urie and Doug Urie be dismissed as time-barred.

**I.**  **Facts**

The factual background is more fully set forth in this Court's Recommendation on other dispositive motions (Docket #133) and is incorporated herein by reference. Plaintiff filed this action primarily based on his eviction from HUD housing that he alleges was in retaliation for him reporting allegedly fraudulent conduct by certain Defendants to HUD and to state agencies. Plaintiff asserts his claims under the Fair Housing Act and under 42 U.S.C. §§ 1983 and 1985.

Defendants argue that they are not state actors or otherwise acting under color of state law, and that Plaintiff's claims are barred by the applicable statutes of limitation, because both the Fair Housing Act and claims under 42 U.S.C. §§ 1983 and 1985 contain two-year statutes of limitation.

Plaintiff concedes that a two-year limitation is applicable law but argues that his Complaint was timely filed, because it was filed exactly two years after the state court issued the writ of restitution. Dock. #147, ¶ 21.  The Writ issued on June 8, 2004, and Plaintiff filed this action on June 8, 2006.  *Id.* Plaintiff further asserts that his appeal of the state court decision tolled the statute of limitations and that, until he was actually evicted on June 8, 2004, he "suffered less than complete damages." *Id.* at ¶ 24.  Moreover, Plaintiff argues that some events occurred after the state court trial, such as the allegation that "Urie, D. Stalked Lawton" (*Id.* at ¶ 18), and that Defendants' failure to prevent the eviction through remaining silent tolls the statute of limitations.  *Id.* at ¶ 26.

In turn, Defendants argue that Plaintiff's claims accrued at least as of the date of the state court's order, not the date of the Writ of Restitution.  The state court order filed on April 19, 2004, granted possession of Plaintiff's apartment to Center Stock and rejected Plaintiff's argument that the eviction was retaliatory.  Dock. #140, Exh. B.  Defendants further argue that the date that Doug Urie allegedly stalked Plaintiff was April 12, 2004 (Dock. #158, Exh. C, ¶ 22), and, therefore, more than two years before Plaintiff instituted this lawsuit.

**II.   Discussion**

    **A.   Legal Standard for Summary Judgment**

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003).  The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  The non-

moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

Although the Court construes a *pro se* plaintiff's pleadings liberally, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because "a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

### B.     Statute of Limitations on Plaintiff's Claims

Plaintiff brings claims both under the Fair Housing Act and under 42 U.S.C. §§ 1983 and 1985. In this context, Plaintiff's Sections 1983 and 1985 claims have a two-year statute of limitations. *See Williams v. Shields*, 77 Fed. Appx. 501, 503 (10th Cir. 2003) (applying the forum state's personal injury statute of limitations); C.R.S. § 13-80-102 (providing a two-year statute of limitations for personal injury actions). The Fair Housing Act also provides a two-year statute of limitations. 42 U.S.C. § 3613(a)(1)(A); *see also McIntosh v. Boatman's First Nat'l Bank*, No. 95-5260, 1996 U.S. App. LEXIS 30913, *2 (10th Cir. Nov. 29, 1996). Plaintiff agrees that a two-year statute of limitations applies to his claims but argues that the two-year time limit did not begin to run until June 8, 2004, the day he received the Writ of Restitution.

A federal cause of action, such as that alleged in Plaintiff's complaint, accrues "when the plaintiff has 'a complete and present cause of action.'" *Wallace v. Kato*, ___ U.S. ___, 127 S. Ct.

1091, 1095 (2006) (citations omitted).  This occurs when "the plaintiff knows or has reason to know of the injury which is the basis of the action." *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993).  In other words, the statute of limitations begins to run once "the plaintiff can file suit and obtain relief."  *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp.*, 522 U.S. 192, 201 (1997).

In the present case, Plaintiff's allegations largely concern Defendants' conduct prior to and including the eviction proceedings in state court.  In fact, all allegations occurred either in April 2004, or prior to that date.  Notably, the facts now alleged in Plaintiff's Second Amended Complaint are largely contained in that court's order.  The state court judge noted that Plaintiff was a holdover tenant from the previous owner; that the new owner had no connections with HUD financing; and that Lawton developed an adversarial relationship with the new management.  The order also addresses his complaints in this case regarding lack of snow removal, noisy neighbors, and management's handling of HUD housing issues.  *See* Dock. #112, Exh. B.  The court reviewed Lawton's argument regarding the lease terms that he presents in this case, and his arguments regarding retaliatory eviction.  *Id.*  Thus, Plaintiff was aware of Defendants' conduct prior to the state court's order dated April 19, 2004.

The crucial inquiry is not whether the state court adequately addressed Plaintiff's claims, only whether Plaintiff was aware of the claims at the time.  The fact that he raised these same arguments more than two years ago establishes that Plaintiff was aware of the facts supporting his present claims no later than April 19, 2004.  Even assuming Plaintiff received the order by mail three days later, Plaintiff's claims accrued no later than April 22, 2004, and Plaintiff's Complaint should have been filed no later than April 22, 2006.  Plaintiff's Complaint was filed on June 8, 2006.  *See Jarrett v. U.S.*

*Sprint Comm. Co.*, 22 F.3d 256, 259 (10th Cir. 1994) (noting that a complaint is filed for purposes of the statute of limitations when it is tendered to the clerk with an IFP motion). Plaintiff's only allegation primary allegation against the Defendant Doug Urie that is not included in the state court order is his allegation of stalking *during* the trial, which by Plaintiff's allegations occurred on April 12, 2004. And Plaintiff has raised no allegations that occurred after June 8, 2004. Thus, Plaintiff's claims under the Sections 1983 and 1985, as well as under the Fair Housing Act, are time-barred and must be dismissed.

Plaintiff's argument that he suffered less than complete damages until he was actually evicted is also unavailing. As the Supreme Court has stated, "[t]he cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace* 127 S. Ct. at 1097. Accordingly, the lack of complete damages does not change the date that Plaintiff had reason to know of the alleged injury.

Plaintiff also argues that the statute of limitations was tolled while he appealed the state complaint in Forcible Entry and Detainer ("FED") to the Colorado Court of Appeals. Because Plaintiff was not required by federal law to seek a state remedy before bringing suit in federal court, his appeal cannot toll the statute of limitations. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 490-91 (1980)("Unless that remedy is structured to require previous resort to state proceedings, so that the claim may not even be maintained in federal court unless such resort be had . . . it cannot be assumed that Congress wishes to hold open the independent federal remedy during any period of time necessary to pursue alternative state-court remedies."). In fact, Plaintiff recognizes that he was not required to exhaust state remedies prior to bringing this suit. Dock. #147, ¶17. Thus, regardless of his appeal, Plaintiff could have filed his federal lawsuit at any time after April 19, 2004. His appeal

of the state court action does not toll the applicable statue of limitations.

Finally, Plaintiff argues that the statute of limitations should be equitably tolled, because Defendants did not speak out before his eviction, but remained silent and allowed the alleged violations of his rights to occur. Yet, Plaintiff does not argue that their silence kept material facts from his knowledge, only that they did not speak up to corroborate the allegations he had already raised. This does not satisfy the requirements of equitable tolling, because Plaintiff remained aware of the factual allegations he now asserts and could have maintained this lawsuit, regardless of Defendants' failure to speak up and support his claims.

## III.  Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendants Jackie Urie and Doug Urie's Motion for Summary Judgment [Filed May 2, 2007; Docket #140] be **granted**. Plaintiff's alleged injuries accrued more than two-years prior to the filing of this lawsuit and are, therefore, time-barred. Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Dated at Denver, Colorado this 13th day of June, 2007.

                                            BY THE COURT:

                                            s/ Michael E. Hegarty
                                            Michael E. Hegarty
                                            United States Magistrate Judge