IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01125-REB-MEH

JOHN E. LAWTON,

    Plaintiff,
v.

STANLEY PEROULIS, *et al*.,

    Defendants.

---

**RECOMMENDATION ON STANLEY PEROULIS'
MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

---

    Before the Court is Defendant Stanley Peroulis' Motion to Dismiss with Prejudice for Failure to Prosecute [Docket #156]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **deny** the Motion.

**I.    Procedural Background**

    Plaintiff filed this action against thirteen separately-named defendants, as well as "any other heretofore unknown Does." Dock. #8, pp. 1, 2. Because Plaintiff proceeded *in forma pauperis*, service was ordered to be performed by the United States Marshals Service. Various Defendants were served over the next several months, but an Executed Summons was never returned for Defendant Stanley Peroulis. Defendant argues that he was never served with a summons and the Complaint, and that he has not waived service. Because the Complaint was filed over one year ago, Defendant argues that the claims against him should be dismissed for failure to prosecute. Plaintiff has not filed a response.

Stanley Peroulis' participation in this case is as follows. On November 13, 2006, attorney Laura Tighe entered an appearance on his behalf, as well as on behalf of Harry, Louis John, and N. Tony Peroulis, and Center Stock Company, LLC. Dock. #60. That same day, Ms. Tighe filed an "Amended Motion for A More Definite Statement" on behalf of all of these Defendants. Dock. #61. This Motion was presented under Rule 12(e) and did not include the defenses of insufficiency of process or insufficient service of process. *Id.* Defendant Stanley Peroulis, and all Center Stock Defendants, later consented to service by electronic means (Dock. #80), appeared through counsel at the Scheduling Conference (Dock. #90, p. 1), submitted a proposed scheduling order (Dock. #88), provided a time frame for serving Rule 26(a)(1) initial disclosures (*id.* at p. 9), and listed damages as "the recovery of their reasonable costs and attorneys' fees incurred in defending the present action." *Id.* at 8. In the Scheduling Order, the Center Stock Defendants did "reserve the right to advise on the issue of affirmative defenses." Dock. #90, p.6.

Once Plaintiff was granted leave to file a Second Amended Complaint, the Center Stock Defendants included the affirmative defenses of insufficiency of process and insufficiency of service of process. Dock. #105, p. 9. When the other Center Stock Defendants filed for summary judgment, Defendant Stanley Peroulis did not join them in this motion. Dock. #112. Curiously, the Center Stock Defendants also chose at this point to remove Stanley Peroulis from the caption of the case in their pleadings. *Id.* In response to the Recommendation issued April 9, 2007, which pointed out that Stanley Peroulis had not moved for summary judgment (Dock. #133, p.1 n.1), counsel filed a Status Report stating that Stanley Peroulis had not yet been properly served and had not waived these defenses. Dock. #134. Through counsel, Defendant Stanley Peroulis also stated on May 25, 2007, that he would not attend the settlement conference in this case, because he has not been served.

Dock. #152. The settlement conference was later rescheduled, and it has not yet occurred. Dock. #153. Stanley Peroulis next filed the instant Motion to Dismiss for Lack of Prosecution based on his contention that he has never been served in this case that was filed over one year ago.

**II.     Discussion**

A review of the docket in this case, as set forth above, establishes that Defendant Stanley Peroulis waived the defenses of sufficiency of process and insufficient service of process long before he filed the instant Motion based on these defenses. Pursuant to the Federal Rules of Civil Procedure, a party making a motion under Rule 12 must include all Rule 12 defenses in one motion or risk waiver of certain of these defense. Fed. R. Civ. P. 12(g) ("A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated."). The grounds excepted from this rule of waiver as listed in subdivision (h)(2) include failure to state a claim and other substantive grounds, not the defenses upon which Defendant relies in this Motion.

The Advisory Committee's note for the 1966 Amendment set forth the rationale for this policy of waiver:

> A party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses he then has and thus allow the court to do a reasonably complete job. The waiver reinforces the policy of subdivision (g) forbidding successive motions.
>
> By amended subdivision (h)(1)(B), the specified defenses, even if not waived by the operation of (A), are waived by the failure to raise them by a motion under Rule 12

3

> or in the responsive pleading or any amendment thereof to which the party is entitled as a matter of course. The specified defenses are of such a character that they should not be delayed and brought up for the first time by means of an application to the court to amend the responsive pleading.
>
> Since the language of the subdivisions is made clear, the party is put on fair notice of the effect of his actions and omissions and can guard himself against unintended waiver. It is to be noted that while the defenses specified in subdivision (h)(1) are subject to waiver as there provided, the more substantial defenses of failure to state a claim upon which relief can be granted, failure to join a party indispensable under Rule 19, and failure to state a legal defense to a claim (see Rule 12(b)(6), (7), (f)), as well as the defense of lack of jurisdiction over the subject matter (see Rule 12(b)(1)), are expressly preserved against waiver by amended subdivisions (h)(2) and (3).

Fed. R. Civ. P. 12 advisory committee's note.  Thus, once Stanley Peroulis joined in the Amended Motion for More Definite Statement on November 13, 2006 (Dock. #61), he waived any Rule 12(b)(2)-(5) defenses not included in that motion.  *See Caldwell-Baker Co. v. S. Ill. Railcar Co.*, 225 F. Supp. 2d 1243, 1259 (D. Kan. 2002) ("[O]nce a party has moved for a more definite statement pursuant to Rule 12(e), that party may not later assert by motion 'a Rule 12(b) defense that was available at the time of the initial motion.'") (citation omitted).  A defense that was not reasonably ascertainable from the original Complaint may not be waived by the filing of a Rule 12(e) motion; however, sufficiency of service of process can hardly be considered such a defense, since Defendant should certainly have known whether he was served.

Moreover, the fact that such a motion is not a responsive pleading does not affect the waiver, because responsive pleadings are considered separately under Rule 12(h)(1)(B).  *Clark v. Associates Commercial Corp.*, 149 F.R.D. 629, 632 (D. Kan. 1993).  By the time Defendant Stanley Peroulis asserted the defenses of insufficiency of process and insufficiency of service of process in the Answer to the Amend Complaint (Dock. #105), he had already waived these defenses by not including them in the Amended Motion for More Definite Statement.  Dock. #61.

Finally, because Defendant has waived his defense of insufficient service of process, a motion to dismiss based on failure to prosecute is not proper. Rule 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). In this case, although Plaintiff has not responded to this Motion, the record is replete with Plaintiff's diligence in prosecuting his claims. Having asserted no basis for dismissal, other than defenses previously waived, the Court finds that a dismissal for failure to prosecute is inappropriate.

### III.   Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendant Stanley Peroulis' Motion to Dismiss with Prejudice for Failure to Prosecute [<u>Filed May 31, 2007; Docket #156</u>] be **denied**. The defenses upon which Defendant Stanley Peroulis relies were waived with the filing of his Rule 12(e) Motion for More Definite Statement on November 13, 2006 (Docket #61). Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Dated at Denver, Colorado this 27th day of June, 2007.

                        BY THE COURT:

                        s/ Michael E. Hegarty
                        Michael E. Hegarty
                        United States Magistrate Judge