IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01125-REB-MEH

JOHN E. LAWTON,

    Plaintiff,
v.

STANLEY PEROULIS, *et al*.,

    Defendants.

## ORDER ON MOTION FOR RECUSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Recuse Magistrate Judge Hegarty Pursuant to 28 U.S.C. 455(a) and (b)(1) [Docket #95].  This matter has been referred to me for resolution [Docket #171].  Plaintiff requests that I recuse myself from this case under the standards of 28 U.S.C. § 455(a), which provides, in pertinent part, "[a]ny . . . magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

The standard for impartiality under 28 U.S.C. § 455 is an objective one, requiring recusal only if "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (citations omitted).  "The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."  *Id.*  In this case, recusal is not appropriate.

In the proposed scheduling order submitted to the Court, Defendants stated that Plaintiff had not consented to the jurisdiction of a magistrate judge and that Defendant Center Stock had not yet determined whether to consent, rather than simply stating that all parties had not consented.  At the Scheduling Conference, I explained the operation of 28 U.S.C. § 636(c) to him and asked Plaintiff

if he was prepared to state whether he consented or whether he preferred his case to remain with a district judge. I also informed him that this was his decision to make, and he indicated that he did not have a position at that time. I directed the parties in the resubmitted proposed scheduling order to state "all parties have not consented to the jurisdiction of a magistrate judge." Plaintiff alleges that my question violated his constitutional rights and demonstrated an anti-pro se bias, because I did not pose the same question to Defendant Center Stock, who had stated in the proposed scheduling order that their client had not yet determined whether to consent. Plaintiff's arguments are an insufficient basis for a recusal, particularly since parties in the vast majority of cases in this District do not consent to jurisdiction by a magistrate judge. *See United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (holding that a judge has just as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require). Moreover, there was no need to question the other party on the issue, because consent requires both parties, and if one party has not consented, the parties have not consented, and Center Stock's position on the issue of consent was, therefore, irrelevant.

Accordingly, for the reasons stated above, Plaintiff's Motion to Recuse Magistrate Judge Hegarty Pursuant to 28 U.S.C. § 455(a) and (b)(1) [Filed December 15, 2006; Docket #95] is **denied**.

Dated at Denver, Colorado this 16th day of July, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge