IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01125-REB-MEH

JOHN E. LAWTON,

    Plaintiff,

v.

STANELY J. PEROULIS,

    Defendant.

---

**RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT**

---

Before the Court is Defendant's Motion for Summary Judgment [Docket #168]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation [Docket #169]. As set forth below, the Court recommends that the motion be **granted** and that this case be **dismissed** as time-barred.

**I.**    **Facts**

The factual background is more fully set forth in this Court's Recommendation on other dispositive motions (Docket #133) and is incorporated herein by reference. Plaintiff filed this action primarily based on his eviction from HUD housing that he alleges was in retaliation for him reporting allegedly fraudulent conduct by certain Defendants to HUD and to state agencies. Plaintiff asserts his claims under the Fair Housing Act and under 42 U.S.C. §§ 1983 and 1985.

Defendant argue that Plaintiff's claims are barred by the applicable statutes of limitation, because both the Fair Housing Act and claims under 42 U.S.C. § 1983 contain two-year statutes of limitation. Plaintiff concedes that a two-year limitation is applicable law but argues that his Complaint was timely filed, because the statute of limitations did not begin to run until at least November 8,

2004, when the Colorado Court of Appeals dismissed without prejudice his appeal of the state court action granting possession to Defendant, or that the limitations period was tolled during the pendency of the appeal. Dock. #174, ¶13, ¶19.  Plaintiff alternatively argues that the Writ of Restitution issued on June 8, 2004, began the statute of limitations, and Plaintiff filed this action on June 8, 2006.  *Id.* at ¶16.  Moreover, Plaintiff contends that his state lawsuit is still pending "based on the same evidence and same dates" therefore tolling the statute of limitations.  *Id.* at ¶18.  Finally, Plaintiff argues that it is improper to base a statute of limitations on the date of state court order and contends that it sets an arbitrary date for the statute of limitations.  *Id.* at ¶24.

In turn, Defendants state that Plaintiff received notice of the state FED action on March 19, 2004, and that the Court granted possession to Defendant, and other previously dismissed from this case, on April 19, 2004.  Dock. #168, p. 2.  Defendant argues, therefore, that Plaintiff's claims accrued most likely on March 19, 2004, when he received notice of the eviction, or , at the latest, when the Court granted possession on April 19, 2004.  Because these dates are undisputed, Defendant argues that Plaintiff's claims are clearly time-barred.

**II.     Discussion**

     **A.     Legal Standard for Summary Judgment**

A motion for summary judgment serves the purpose of testing whether a trial is required.  *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003).  The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A fact is material if it might affect the outcome of the suit under the governing substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  The non-

moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

Although the Court construes a *pro se* plaintiff's pleadings liberally, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because "a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

### B.     Statute of Limitations on Plaintiff's Claims

Plaintiff brings claims both under the Fair Housing Act and under 42 U.S.C. § 1983. In this context, Plaintiff's Section 1983 claims have a two-year statute of limitations. *See Williams v. Shields*, 77 Fed. Appx. 501, 503 (10th Cir. 2003) (applying the forum state's personal injury statute of limitations); C.R.S. § 13-80-102 (providing a two-year statute of limitations for personal injury actions). The Fair Housing Act also provides a two-year statute of limitations. 42 U.S.C. § 3613(a)(1)(A); *see also McIntosh v. Boatman's First Nat'l Bank*, No. 95-5260, 1996 U.S. App. LEXIS 30913, *2 (10th Cir. Nov. 29, 1996). Plaintiff agrees that a two-year statute of limitations applies to his claims but argues that the two-year time limit did not begin to run until June 8, 2004, the day he received the Writ of Restitution and that it was tolled by the pendency of his appeal in state court.

A federal cause of action, such as that alleged in Plaintiff's complaint, accrues "when the

plaintiff has 'a complete and present cause of action.'" *Wallace v. Kato*, ___ U.S. ___, 127 S. Ct. 1091, 1095 (2006) (citations omitted). This occurs when "the plaintiff knows or has reason to know of the injury which is the basis of the action." *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993). In other words, the statute of limitations begins to run once "the plaintiff can file suit and obtain relief." *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp.*, 522 U.S. 192, 201 (1997).

In the present case, Plaintiff's allegations concern Defendant's conduct prior to and including the eviction proceedings in state court. In fact, all allegations occurred either in April 2004, or prior to that date. Notably, the facts now alleged in Plaintiff's Second Amended Complaint are largely contained in that court's order. Dock. #168, Exh. B. The state court judge noted that Plaintiff was a holdover tenant from the previous owner; that the new owner had no connections with HUD financing; and that Lawton developed an adversarial relationship with the new management. The order also addresses his complaints in this case regarding lack of snow removal, noisy neighbors, and management's handling of HUD housing issues. *Id.* The court reviewed Lawton's argument regarding the lease terms that he presents in this case, and his arguments regarding retaliatory eviction. *Id.* Thus, Plaintiff was aware of Defendants' conduct prior to the state court's order dated April 19, 2004, and was given notice of his eviction on March 19, 2004.

The crucial inquiry is not whether the state court adequately addressed Plaintiff's claims, only whether Plaintiff was aware of the claims at the time. The fact that he raised these same arguments more than two years ago establishes that Plaintiff was aware of the facts supporting his present claims no later than April 19, 2004. Plaintiff's Complaint was filed on June 8, 2006. *See Jarrett v. U.S. Sprint Comm. Co.*, 22 F.3d 256, 259 (10th Cir. 1994) (noting that a complaint is filed for purposes

of the statute of limitations when it is tendered to the clerk with an IFP motion). Thus, Plaintiff's claims under the Sections 1983 and 1985, as well as under the Fair Housing Act, are time-barred and must be dismissed.

Plaintiff argues that the Defendants could have withdrawn the eviction notice after the Court granted possession and, if he had filed a lawsuit prior to the actual eviction, then sued him for malicious prosecution. This argument fails. A cause of action is not related to another parties' theoretical conduct but actual conduct. Once Defendants' filed a notice of eviction, which Plaintiff believed was in retaliation for his complaints to HUD, Plaintiff's claim began to accrue.

Plaintiff also argues that the statute of limitations was tolled while he appealed the state complaint in Forcible Entry and Detainer ("FED") to the Colorado Court of Appeals. Because Plaintiff was not required by federal law to seek a state remedy before bringing suit in federal court, his appeal cannot toll the statute of limitations. *Board of Regents v. Tomanio*, 446 U.S. 478, 490-91 (1980)("Unless that remedy is structured to require previous resort to state proceedings, so that the claim may not even be maintained in federal court unless such resort be had . . . it cannot be assumed that Congress wishes to hold open the independent federal remedy during any period of time necessary to pursue alternative state-court remedies."). Thus, regardless of his appeal, Plaintiff could have filed his federal lawsuit at any time after April 19, 2004. His appeal of the state court action does not toll the applicable statue of limitations. In addition, "[i]t is hornbook law that, as a general rule, a voluntary dismissal without prejudice leaves the parties as though the action had never been brought," and therefore, "the limitation period is not tolled during the pendency of the dismissed action." *Brown v. Hartshorne Public School Dist. #1*, 926 F.2d 959, 961 (10th Cir. 1991). Accordingly, under no circumstance would Plaintiff's state court appeal, which was later dismissed

without prejudice, toll the statute of limitations.

### III.  Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendant Stanley Peroulis' Motion for Summary Judgment [Filed July 2, 2007; Docket #168] be **granted**. Plaintiff's alleged injuries accrued more than two-years prior to the filing of this lawsuit and are, therefore, time-barred.  Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 26th day of July, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).