IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01125-REB-MEH

JOHN E. LAWTON,

      Plaintiff,

v.

STANLEY PEROULIS, *et al.*,

      Defendants.

_____

**ORDER ON DEFENDANTS' JOINT MOTION FOR SANCTIONS**
_____

Before the Court is Defendants' Joint Motion for Sanctions [Docket #180]. The matter has been referred to this Court for resolution [Docket #181]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **denies** the Motion for Sanctions.

As an initial matter, the Defendants state that they did not confer with Plaintiff before filing this motion due to the nature of the relief sought. The Local Rules provide two exceptions to the duty to confer: motions brought under Rule 12 and those brought under Rule 56. D.C.Colo.L.Civ.R. 7.1.A. This is neither, and the Court could properly deny this motion on that basis alone.

Defendants seek sanctions against Plaintiff in the form of filing restrictions because of Plaintiff's frequent allegedly frivolous filings and his previously dismissed lawsuits. Defendants take issue with Plaintiff's objections to Recommendations issued on Defendants' various motions for summary judgment and motions to dismiss. Defendants also rely on Plaintiff's multiple lawsuits in federal and state courts to support their request for sanctions.

Defendants' request is misplaced. Only two lawsuits have been filed against these Defendants

in federal court. The first, Civil Action No. 05-cv-0116-ZLW, was dismissed without prejudice for failure to prosecute before Defendants were served and without Defendants participating in the case. The instant case represents the first time these Defendants have defended claims by Plaintiff in federal court. While this Court has recommended dismissal of these claims based on the applicable statutes of limitations, each group of Defendants has filed separate motions, and Plaintiff certainly has the right to object to each Recommendation, as stated in the Recommendations. Moreover, the pending state lawsuits did not preclude this lawsuit, as District Judge Blackburn determined that the *Rooker-Feldman* Doctrine did not bar Plaintiff's lawsuit. Dock. #132. Thus, nothing in the record indicates that Plaintiff has abused the judicial process in prosecuting these claims. In fact, Plaintiff must object to each Recommendation, or he would waive his right to appeal any Order on the Recommendation as to those Defendants. 28 U.S.C. § 636(b)(1); *see also Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Nevertheless, the Court notes that Plaintiff's communications with Defendants' counsel indicate his intent to file lawsuits against all attorneys who signed the proposed Scheduling Order, as well as other references to bringing new claims against all Defendants and Defendants' counsel. Certainly, Plaintiff must have a reasoned basis both in fact and law before filing any lawsuit. *See Phillips v. Carey*, 638 F.2d 207, 208 ("[A]n indigent person has no constitutional or other right of access to the courts to prosecute an action that is frivolous, malicious, or which seeks to harass."). And knowingly filing frivolous claims can result in sanctions, because *pro se* litigants are still subject to the requirements of Rule 11. Fed. R. Civ. P. 11(b); *see also Sieverding v. Colo. Bar Ass'n*, No. 06-1439, 2007 U.S. App. LEXIS 14145 (10th Cir. June 14, 2007). Such a situation is not yet before the Court, and the drastic sanctions sought by Defendants are not supported by the record in this

case.

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Joint Motion for Sanctions [Filed August 15, 2007; Docket #180] is **denied**.

Dated at Denver, Colorado, this 17th day of August, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge