**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 06-cv-01125-REB-MEH

JOHN E. LAWTON,

      Plaintiff,

v.

KRIS MULAY, et al.,

      Defendants.

---

**ORDER DENYING MOTIONS TO CERTIFY**
**FINAL JUDGMENT PURSUANT TO F.R.C.P. 54(B)**

---

**Blackburn, J.**

      The matters before me are (1) **Defendants Center Stock, LLC, Harry Peroulis,**

**N. Tony Peroulis, Stanley Peroulis and Louis Peroulis' Motion To Certify Final**

**Judgment Pursuant to F.R.C.P. 54(b)** [#193], filed September 4, 2007; (2) **Defendant**

**Sandra Gardner's Amended Motion To Certify Pursuant to F.R.C.P. 54(b)** [#194],

filed September 4, 2007; and (3) **Defendants Jackie Urie and Doug Urie's Motion To**

**Certify Final Judgment Pursuant to F.R.C.P. 54(b)** [#196], filed September 14, 2007.[1]

I deny the motions.

      Rule 54(b) provides that

> [w]hen more than one claim for relief is presented in an
> action, whether as a claim, counterclaim, cross-claim, or
> third-party claim, or when multiple parties are involved, the

---

[1] Although plaintiff has not yet filed a response to the Uries' motion, I exercise my discretion pursuant to D.C.COLO.LCivR 7.1C to resolve the motion without benefit of a response. (Establishing deadlines for the filing of responses and replies to motions but noting that "[n]othing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed").

> court may direct the entry of a final judgment as to one or
> more but fewer than all of the claims or parties only upon an
> express determination that there is no just reason for delay
> and upon an express direction for the entry of judgment.

Compliance with the rule thus requires that I find both that the judgment as to which

certification is sought is final "in the sense that it is an ultimate disposition of an

individual claim entered in the course of a multiple claims action" and further that there

exists no just reason to delay entry of judgment.  ***Curtiss-Wright Corp. v. General***

***Electric Co.***, 446 U.S. 1, 8, 100 S.Ct. 1460, 1464-65, 64 L.Ed.2d 1 (1980) (citation and

internal quotation marks omitted).  My discretion to grant or deny certification "is to be

exercised 'in the interest of sound judicial administration.'"  ***Id.***, 100 S.Ct. at 1465

(quoting ***Sears, Roebuck & Co. v. Mackey***, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100

L.Ed. 1297 (1956)).

In determining whether the judgment is final for purposes of Rule 54(b), "[f]actors

the district court should consider are 'whether the claims under review [are] separable

from the others remaining to be adjudicated and whether the nature of the claims

already determined [are] such that no appellate court would have to decide the same

issues more than once even if there were subsequent appeals.'"  ***Stockman's Water***

***Co., LLC v. Vaca Partners, L.P.***, 425 F.3d 1263, 1265 (10th Cir. 2005) (quoting

***Curtiss-Wright Corp.***, 100 S.Ct. 1465 (second and third alterations in ***Stockman's***).

These factors weigh heavily against granting the motions: 1) movants' claims are not

separable from the remaining unadjudicated claims; and 2) an appellate court would

likely be required to decide the same issues more than once.

2

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Defendants Center Stock, LLC, Harry Peroulis, N. Tony Peroulis, Stanley Peroulis and Louis Peroulis' Motion To Certify Final Judgment Pursuant to F.R.C.P. 54(b)** [#193], filed September 4, 2007, is **DENIED**;

2.  That **Defendant Sandra Gardner's Amended Motion To Certify Pursuant to F.R.C.P. 54(b)** [#194], filed September 4, 2007, is **DENIED**; and

3.  That **Defendants Jackie Urie and Doug Urie's Motion To Certify Final Judgment Pursuant to F.R.C.P. 54(b)** [#196], filed September 14, 2007, is **DENIED**.

Dated October 4, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**