**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-01125-REB-MEH

JOHN E. LAWTON,

     Plaintiff,

v.

KRIS MULAY, et al.,

     Defendants.

**ORDER RE: DEFENDANT SANDRA GARDNER'S
AMENDED MOTION FOR AWARD OF FEES AND COSTS**

**Blackburn, J.**

The matter before me is **Defendant Sandra Gardner's Amended Motion for Award of Fees and Costs** [#195], filed September 4, 2007. I deny the motion insofar as it seeks attorney fees, and deny without prejudice the concomitant motion for costs.

Defendant requests attorney fees as a sanction for plaintiff's alleged violation of Fed.R.Civ.P. 11(c). However, there is no argument or evidence that defendant has complied with the "safe harbor" requirements of the rule in connection with the filing of this motion. **FED.R.CIV.P.** 11(c)(1)(A).[1] Failure to comply with the safe harbor provision

---

[1] Rule 11(c)(1)(A) requires that a motion for Rule 11 sanctions "shall not be filed with or presented to the court unless, within 21 days after service of the motion . . ., the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." This provision is intended to:

> protect[ ] litigants from sanctions whenever possible in order to mitigate Rule 11's chilling effects, formaliz[e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourag[e] the withdrawal of papers that violate the rule without involving the district court."

requires that the motion for sanctions be rejected.  5A C. WRIGHT & A. MILLER, *Federal Practice and Procedure* § 1337.2 at 723 (3rd ed. 2004).  Moreover, and relatedly, "service of a sanctions motion after the district court has dismissed the claim or entered judgment prevents giving effect to the safe harbor provision or the policies and procedural protections it provides, and it will be rejected."  *Roth v. Green*, 466 F.3d 1179, 1193 (10th Cir. 2006) (citation and internal quotation marks omitted).  Thus, defendant's request for attorneys fees, filed after summary judgment was granted in her favor, comes too late.

As a prevailing party in this litigation, defendant will be entitled to her costs once final judgment has entered.  **FED.R.CIV.P.** 54(d)(1)   However, that request is premature at this juncture, as no final judgment has been entered in favor of defendant.[2]  Moreover, the procedures of this district commit to the Clerk of the Court the initial determination of an appropriate amount of costs in the first instance.  *See* **D.C.COLO.LCivR** 54.1.  The filing of a motion for costs with this court, therefore, is an improper mechanism for seeking costs.  Accordingly, Gardner's motion for costs will be denied, albeit without prejudice to her right to seek costs through the appropriate channels at the appropriate time.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Sandra Gardner's Amended Motion for Award of Fees**

---

5A C. WRIGHT & A. MILLER, *Federal Practice and Procedure* § 1337.2 at 722 (3rd ed. 2004).

[2]  By separate order entered this same day, I have denied several motions, including a motion by this defendant, for certification of final judgments pursuant to Fed.R.Civ.P. 54(b).

2

**and Costs** [#195], filed September 4, 2007, is **DENIED** in part and **DENIED WITHOUT PREJUDICE**;

    2.  That the motion is **DENIED** insofar as it seeks an award of attorney fees pursuant to Rule 11; and

    3.  That the motion is **DENIED WITHOUT PREJUDICE** insofar as it seeks an award of costs.

    Dated October 4, 2007, at Denver, Colorado.

                              **BY THE COURT:**

                              **s/ Robert E. Blackburn**
                              **Robert E. Blackburn**
                              **United States District Judge**