IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01125-REB-MEH

JOHN E. LAWTON,

    Plaintiff,

v.

CENTER STOCK COMPANY, LLC, *et al.*,

    Defendants.

## RECOMMENDATION ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Before the Court is Plaintiff's Motion to Extend Time to Allow Service [Docket #207]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **deny** Plaintiff's Motion.

Plaintiff filed this lawsuit on June 8, 2006, against "Kris Mulay" and others. The U.S. Marshals Service attempted to serve Mulay unsuccessfully and filed the unexecuted return of service on September 27, 2006. Dock. #21. The return of service states that Mulay now lives in Wisconsin and provides her new address. In his Second Amended Complaint filed December 15, 2006, Plaintiff recognized that Mulay "may now be living in Wisconsin." Dock. #97 at ¶ 14. Since August 6, 2007, Plaintiff has included in a footnote in each of his filings that "Kris Mulay has not been served due to the US Marshall [sic] failure to locate her." Dock. #177, p. n.1. Although aware that Mulay has not been served, Plaintiff now for the first time, 503 days after his Complaint was filed and 392 after the U.S. Marshal attempted to serve Mulay, seeks an extension of time to the 120-day time limit for service set forth in Fed. R. Civ. P. 4(m).

The deadline for service must be extended if Plaintiff establishes good cause for the extension. Fed. R. Civ. P. 4(m). Generally, good cause requires the moving party to establish that the initial deadline cannot be met, despite his diligent efforts. *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000). Here, Plaintiff clearly knew that Mulay had not been served, yet he did nothing. Plaintiff does not provide any circumstances beyond his control to explain his failure to timely seek this extension. While the U.S. Marshal is required to serve Mulay, Plaintiff has known since September 27, 2006, that the U.S. Marshal's attempts to serve Mulay had failed. During this time, Plaintiff did not seek an extension of time, nor did he request that the U.S. Marshal serve Mulay in Wisconsin. Because Plaintiff has waited more than one year after the deadline expired, he has not established good cause to support his motion for extension of time.

In the absence of good cause, the Court must also consider whether a permissive extension of time for service is warranted. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). In this case, District Judge Blackburn issued an Order to Show Cause on October 4, 2007, and Plaintiff responded by filing the instant Motion for Extension of Time. Plaintiff has repeatedly pointed out to the Court that Mulay had not been served, although it is his responsibility to ensure service is effected or to timely seek an extension. Conversely, allowing a Defendant to be hailed into court three years after the alleged incident occurred, over sixteen months after the case was filed, and after all other Defendants who have entered an appearance have been dismissed from the case based on the statute of limitations is highly prejudicial to Mulay. Based on these circumstances, including this Court's previous Recommendations that all other Defendants connected to Center Stock Company be dismissed based on the statute of limitations, the Court concludes that a permissive extension of time for service is not warranted.

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion to Extend Time to Allow Service [Filed October 24, 2007; Docket #207] be **denied** and that Kris Mulay be dismissed from this action without prejudice for failure to timely serve. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 13th day of December, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).