**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-01125-REB-MEH

JOHN E. LAWTON,

      Plaintiff,

v.

KRIS MULAY, et al.,

      Defendants.

---

**ORDER**

---

**Blackburn, J.**

      This matter is before me *sua sponte*. On April 17, 2008, I issued an **Order To Show Cause** [#226], requiring plaintiff to show cause in writing why his claims against defendant Chief Judge Michael "Mick" Andrew O'Hara, III, should not be dismissed. Plaintiff has failed to respond to that order to show cause within the time specified. Therefore, I make absolute my Order To Show Cause, dismiss plaintiff's claims against O'Hara, overrule plaintiff's objection to the bill of costs, ratify the prior award of costs, and direct the entry of an amended judgment.

      On March 11, 2008, judgment was entered in favor of defendants and against plaintiff on all claims and causes of action asserted in this lawsuit. Pursuant to Fed.R.Civ.P. 54(d), defendants were awarded their costs. The Clerk taxed costs in the amount of $160.97 in favor of defendant, Sandra Henrietta Gardner, on April 8, 2008. Plaintiff subsequently filed an objection to the award on the ground that costs were prematurely awarded because he allegedly had claims outstanding against Chief Judge

O'Hara.  The judge was named in plaintiff's Second Amended Complaint, wherein

plaintiff claims Chief Judge O'Hara refused to transmit records related to an appeal of

one of plaintiff's other lawsuits, "which as designated contains evidence of O'Hara's

failure to sever ties with his [law] firms," and that the judge "otherwise introduce illegal

delays" in several appellate cases in which plaintiff was involved.  (**Second Am. Compl.**

**¶ 37 at 8.**)  Plaintiff seeks monetary damages, treble damages, and injunctive relief as

against Chief Judge O'Hara.

The docket does not reflect that Chief Judge O'Hara has ever been served in this

matter.  Plaintiff's claims against him are subject to dismissal on that basis alone.

Moreover, the actions alleged to form the basis of plaintiff's complaint with respect to

Chief Judge O'Hara clearly come within the ambit of his absolute judicial immunity.

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of

damages."  ***Mireles v. Waco***, 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991)

(citing ***Mitchell v. Forsyth***, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411

(1985)). The exceptions to its absolute bar to claims against a judge are extraordinarily

limited:

> [I]mmunity is overcome in only two sets of circumstances.
> First, a judge is not immune from liability for nonjudicial
> actions, i.e., actions not taken in the judge's judicial capacity.
> Second, a judge is not immune for actions, though judicial in
> nature, taken in the complete absence of all jurisdiction.

***Id.*** (internal citations omitted).  Neither of these circumstances is apparent from the

allegations implicating Chief Judge O'Hara.  To the extent a sitting trial judge has any

control over the transmission of records to the appellate courts, a dubious proposition at

2

best, such actions clearly are within the scope of his judicial authority, as are a judge's decision whether to recuse himself in a case based on previous ties with the parties or their counsel. As for plaintiff's allegations regarding other, unspecified delays in his lawsuit allegedly attributable to Chief Judge O'Hara, they are far too vague to even remotely support a claim that the judge acted in the complete absence of all jurisdiction in that regard.

**THEREFORE, IT IS ORDERED** as follows:

1. That the court's **Order To Show Cause** [#226], filed April 17, 2008, is **MADE ABSOLUTE**;

2. That plaintiff's claims against Chief Judge Michael "Mick" Andrew O'Hara III are **DISMISSED WITH PREJUDICE** for failure to prosecute and for failure to state claims on which relief may be granted;

3. That **Plaintiff's 2008-04-15 F.R.C.P. Objection to Doc. No. 224** [#225], filed April 16, 2008, is **OVERRULED**;

4. That an amended judgment **SHALL ENTER** on behalf of defendant, Chief Judge Michael "Mick" Andrew O'Hara, III, and against plaintiff, John E. Lawton, as to all claims and causes of action asserted against Chief Judge O'Hara;

5. That an amended judgment **SHALL ENTER** in favor of defendants, Colorado District Court, Moffat County, Diana L. Meyer, Center Stock Company, LLC, Harry Peroulis, Tony Peroulis, Louis Peroulis, Sandra Henrietta Gardner, Stanley Peroulis, Jackie Urie, Doug Urie, James Does and any other heretofore unknown Does, Kris Mulay, and Nancy Liljedahl (originally named as Nancy Doe), and against plaintiff, John

E. Lawton, in accordance with my **Order for Judgment and Administrative Closure** [#218], filed February 26, 2008;

      6. That Chief Judge Michael "Mick" Andrew O'Hara, III, is **AWARDED** his costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

      7. That the Clerk's prior entry of an award of costs in favor of defendant, Sandra Henrietta Gardner, [#224], filed April 8, 2008, is **RATIFIED** and **REAFFIRMED**, effective as of the original date of entry.

      Dated May 9, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Court**